**Yadwinder Singh KAMAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70100.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Esq., Rena I. Curtis, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Yadwinder Singh Kamal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we grant the petition.

Substantial evidence does not support the IJ's adverse credibility finding. Two discrepancies were noted regarding dates, which are minor discrepancies that cannot support an adverse credibility. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000). Similarly, an inconsistency relating to whether petitioner reported to police that militants visited him is also a minor discrepancy

not going to the heart of his claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1113 (9th Cir.2002). Since police knew about the visit and questioned petitioner about it, whether he reported it is inconsequential and thus a minor inconsistency. *See id.* (holding that discrepancy involving where a political rally was held was minor and could not be viewed as an attempt to enhance the persecution claim and had no bearing on credibility). Since the noted inconsistencies were not substantial, and the credibility finding was not supportable, petitioner was also not required to provide corroboration of his claim. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000).

Accordingly, we conclude that substantial evidence does not support the adverse credibility determination and deem petitioner credible. We remand for the BIA to consider the merits of petitioner's asylum and withholding of removal claims. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.